# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD HARDY, *et. al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | CV-07-415 (RWR) |
| DISTRICT OF COLUMBIA, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant District of Columbia ("Defendant"), by and through counsel, answers the Complaint with particularity and in like-numbered paragraphs as follows:

## First Defense

The Complaint fails to state a claim upon which relief can be granted against this Defendant.

## Second Defense

1.      Defendant admits the existence of this civil action and the statutes cited in paragraph number 1 of the Complaint, but denies that they necessary confer any jurisdiction or liability upon this Defendant.

2.      Defendant admits the existence of the statutes cited in paragraph number 2 of the but denies that the statutes necessarily confer any jurisdiction or liability upon this Defendant.

3.      Admitted.

4.      Admitted.

5.       Admitted.

6.    The District admits that it is a municipality, and that the District of Columbia Jail is a local detention facility located within the District of Columbia.  Further answering, the remaining allegations are the legal conclusions of the pleader to which no response is required.

7.    The District admits that Odie Washington was the Director of the D.C. Department of Corrections and held that position at all times relevant to the alleged incidents that are the subject of this lawsuit. The remaining allegations are the conclusions of the pleader to which no response is required.

8.    The District admits that Steven A. Smith was the Warden of the D.C. Jail and held that position at all times relevant to the alleged incidents that are the subject of this lawsuit. The remaining allegations are the conclusions of the pleader to which no response is required.

9.    The allegations in paragraph number 9 of the Complaint do not relate to the District of Columbia and contain the legal conclusions of the pleader to which no response is required.

10.    The allegations in paragraph number 10 are the legal conclusions of the pleader to which no response is required.

11.    Admitted.

12.    Denied.

13.    Defendant admits that these facts may be true, but denies that these facts, even if true, confer any liability upon this defendant in the instant case, and demands strict proof at trial.

14.    Denied.

15.    The allegations contained in paragraph 15 are the legal conclusions of the pleader to which no response is required.

16.     The allegations contained in paragraph 16 are the legal conclusions of the pleader to which no response is required.

17.     The allegations contained in paragraph 17 are the legal conclusions of the pleader to which no response is required.

18.     The allegations contained in paragraph 18 are the legal conclusions of the pleader to which no response is required.

19.     Denied.

20.     Defendant admits that these facts may be true, but denies that these facts, even if true, confer any liability upon this defendant in the instant case, and demands strict proof at trial.

21.     Defendant admits that on June 24, 2002, the Court terminated the population cap at the jail.  The remaining allegations are the conclusions of the pleader to which no response is required.

22.     The allegations contained in paragraph 22 are the conclusions of the pleader to which no response is required.

23.     The allegations contained in paragraph 23 are the conclusions of the pleader to which no response is required.

24.     The allegations contained in paragraph 24 are the conclusions of the pleader to which no response is required.

25.     Denied.

26.     Denied.

27.     Denied.

28.    The allegations contained in paragraph 28 are the conclusions of the pleader to which no response is required.  Further answering, the reports speak for themselves.  To the extent a response is required, the allegations are denied.

29.    The allegations contained in paragraph 29 are the conclusions of the pleader to which no response is required.  Further answering, the reports speak for themselves.  To the extent a response is required, the allegations are denied.

30.    The allegations contained in paragraph 30 are the conclusions of the pleader to which no response is required.  Further answering, the reports speak for themselves.  To the extent a response is required, the allegations are denied.

31.    Denied.

32.    The allegations contained in paragraph 32 are the legal conclusions of the pleader to which no response is required.

33.    The allegations contained in paragraph 33 are the conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations are denied.  .

34.    The allegations contained in paragraph 34 are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations are denied.

35.    The allegations contained in paragraph 35 are the conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations are denied.

36.    The allegations contained in paragraph 36 are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations are denied.

37.    The allegations contained in paragraph 37 are the conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations are denied.

38.     Denied.

39.     Denied.

**Count One: 42 U.S.C. § 1983- Violation of 8th Amendment**

40.     Defendant incorporates herein by reference its responses to paragraphs 1 through 39 of the Complaint.

41.     The allegations contained in paragraph number 41 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

42.     The allegations contained in paragraph number 42 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

43.     Denied.

44.     Denied.

**Count Two: 42 U.S.C. § 1983- Violation of 5th Amendment**

45.     Defendant incorporates herein by reference its responses to paragraphs 1 through 44 of the Complaint.

46.     The allegations contained in paragraph number 46 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

47.     The allegations contained in paragraph number 47 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

48.     Denied.

49.     Denied.

**Count Three: 42 U.S.C. § 1983- Violation of 5th Amendment**

50.     Defendant incorporates herein by reference its responses to paragraphs 1 through 49 of the Complaint.

51.     The allegations contained in paragraph number 51 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

52.     Denied.

53.     Denied.

**Count Four: 42 U.S.C. § 1983- Violation of 5th Amendment**

54.     Defendant incorporates herein by reference its responses to paragraphs 1 through 53 of the Complaint.

55.     The allegations contained in paragraph number 55 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

56.     Denied.

57.     Denied.

**Count Five: 42 U.S.C. § 1983- Violation of 5th and 8th Amendments**

58.     Defendant incorporates herein by reference its responses to paragraphs 1 through 57 of the Complaint.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

## Count Six: Negligent Monitoring and Supervision

66.     Defendant incorporates herein by reference its responses to paragraphs 1 through 65 of the Complaint.

67.     Denied.

68.     Denied.

## Count Seven: Negligent Medical Treatment

69.     Defendant incorporates herein by reference its responses to paragraphs 1 through 68 of the Complaint.

70.     The defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in paragraph number 70 of the Complaint.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

71.     The allegations contained in paragraph number 71 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

72.     The allegations contained in paragraph number 72 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

## Count Eight: Negligent Selection, Supervision and Retention of CCA

73.     Defendant incorporates herein by reference its responses to paragraphs 1 through 72 of the Complaint.

7

74.     The allegations contained in paragraph number 74 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

75.     The allegations contained in paragraph number 75 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

76.     The allegations contained in paragraph number 76 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count Nine: Negligent Monitoring and Supervision of Residents (CCA)**

77.     Defendant incorporates herein by reference its responses to paragraphs 1 through 76 of the Complaint.

78.     The allegations contained in paragraph number 78 of the Complaint are not directed to this defendant, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

79.     The allegations contained in paragraph number 79 of the Complaint are not directed to this defendant, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count Ten: Negligent Medical Treatment (CCA)**

80.     Defendant incorporates herein by reference its responses to paragraphs 1 through 79 of the Complaint.

8

81.    The allegations contained in paragraph number 81 of the Complaint are not directed to this defendant, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

82.    The defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in paragraph number 82 of the Complaint.  Furthermore, the allegations are not directed to this defendant, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

83.    The defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in paragraph number 83 of the Complaint.  Furthermore, the allegations are not directed to this defendant, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count Eleven: Negligent Contraband Control**

84.    Defendant incorporates herein by reference its responses to paragraphs 1 through 83 of the Complaint.

85.    The allegations contained in paragraph number 85 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

86.    The allegations contained in paragraph number 86 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

87.    The allegations contained in paragraph number 87 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

9

Further answering the Complaint, Defendant denies any and all allegations of negligence or other wrongdoing not specifically admitted or otherwise answered.

### Third Defense

Plaintiffs will be unable to prove municipal liability against this defendant under 42 U.S.C. 1983, because its policies, practices and/or customs were not the moving force behind plaintiffs' injuries.

### Fourth Defense

The doctrines of absolute and/or qualified immunity may bar this court action.

### Fifth Defense

At all times relevant and appropriate, the defendant has fulfilled any and all legal obligations that may have been owed to the plaintiffs.

### Sixth Defense

Plaintiffs may have failed to exhaust their administrative remedies prior to filing suit.

### Seventh Defense

The statute of limitations and/or the doctrine of laches may bar this action.

### Eighth Defense

If plaintiffs were injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of theirs sole and/or contributory negligence and/or their assumption of the risk and/or their wanton and willful conduct and/or the acts of a third party.

### Ninth Defense

If plaintiffs were injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of the negligence of a person or persons other than the defendant.

### Tenth Defense

Plaintiffs may have failed to mitigate their damages.

### Eleventh Defense

Defendant's actions were not the proximate cause of plaintiffs' injuries.

### Twelfth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages were not caused by a breach of duty owed plaintiffs by this defendant.

### Thirteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the defendant's control.

### Fourteenth Defense

Plaintiffs may have failed to comply with the notification requirements of D.C. Official Code § 12-309 (2001).

### SET-OFF

Defendant claims a set-off for any and all funds paid to Plaintiff by Medicaid, medical care, or other forms of government assistance.

### JURY DEMAND

This Defendant demands a trial by a jury of twelve (12).

Defendant reserves the right to amend this Answer should facts learned in discovery so warrant.

11

WHEREFORE, having fully answered, Defendant urges the Court to dismiss the

Complaint with prejudice and award costs and attorney's fees to the Defendant.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

12