## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ronald Hardy, and
Denis B. Garcia, and
Martell Legrand,

        Plaintiffs,

    v.

The District of Columbia, and
Odie Washington, individually and in his official
capacity Director (retired) DC Department of
Corrections, and
Steve A. Smith, individually and in his official
capacity Warden (retired) DC Jail, and
Prison Realty Trust a/k/a Corrections Corporation of
America,

        Defendants.

Civil Action No. 07-cv-00415-RWR

### DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER

Defendant, Corrections Corporation of America ("CCA"), through undersigned counsel and for its Answer to Plaintiffs' Complaint, states, denies and alleges as follows:

1.    Defendant CCA denies the allegations set forth in Paragraph 1 of the Complaint.

2.    Defendant CCA admits the allegations concerning jurisdiction and is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 2 concerning venue and therefore denies same.

3.    Defendant admits Ronald Hardy was incarcerated in its facility for a period of time, that a correctional services contract exits between CCA and the District of Columbia, and denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.    The allegations set forth in Paragraphs 4 through 8 of the Complaint are not directed against this answering Defendant, and are therefore denied.

5.      CCA states Prison Realty Trust is not a viable entity and admits the remaining allegations set forth in Paragraph 9 of the Complaint.

6.      CCA states D.C. Code §24-211.02 speaks for itself, that Plaintiff Hardy was incarcerated and denies the remaining allegations set forth in Paragraph 10 of the Complaint.

7.      CCA states the contract between the District of Columbia and CCA speaks for itself, that Hardy was incarcerated at the Central Treatment Facility ("CTF") for a period of time, that CCA operates the CTF and denies the remaining allegations set forth in Paragraph 11 of the Complaint.

8.      The allegations set forth in Paragraphs 12 through 17 of the Complaint are not directed against this answering Defendant, and are therefore denied.

9.      Defendant denies the allegations concerning CTF in Paragraph 18 of the Complaint, the remainder of the allegations are not directed at this answering Defendant, and are therefore denied.

10.     The allegations set forth in Paragraphs 19 through 33 of the Complaint are not directed against this answering Defendant, and therefore are denied.

11.     Defendant denies the allegations set forth in Paragraphs 34 and 35 of the Complaint.

12.     The allegations set forth in Paragraphs 36 and 37 of the Complaint are not directed against this answering Defendant, and therefore are denied.

13.     Defendant denies the allegations set forth in Paragraphs 38 and 39 of the Complaint.

/ / /

/ / /

## COUNT ONE

14.      By way of answer to Paragraph 40 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

15.      Defendant CCA denies the allegations set forth in Paragraphs 41 through 44 of the Complaint.

## COUNT TWO

16.      By way of answer to Paragraph 45 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

17.      Defendant CCA denies the allegations set forth in Paragraphs 46 through 49 of the Complaint.

## COUNT THREE

18.      By way of answer to Paragraph 50 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

19.      Defendant CCA denies the allegations set forth in Paragraphs 51 through 53 of the Complaint.

## COUNT FOUR

20.      By way of answer to Paragraph 54 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

21.      Defendant CCA denies the allegations set forth in Paragraphs 55 through 57 of the Complaint.

/ / /

1762096.1

## COUNT FIVE

22.     By way of answer to Paragraph 58 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

23.     Defendant CCA denies the allegations set forth in Paragraphs 59 through 65 of the Complaint.

## COUNT SIX

24.     By way of answer to Paragraph 66 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

25.     The allegations set forth in Paragraphs 67 through 68 of the Complaint are not directed against this answering Defendant, and are therefore denied.

## COUNT SEVEN

26.     By way of answer to Paragraph 69 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

27.     The allegations contained in Paragraphs 70 through 72 of Plaintiffs' Complaint are not directed against this answering Defendant CCA, and therefore denied.

## COUNT EIGHT

28.     By way of answer to Paragraph 73 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

29.     The allegations set forth in Paragraphs 74 through 76 of the Complaint are not directed against this answering Defendant, and are therefore denied.

/ / /

## COUNT NINE

30.    By way of answer to Paragraph 77 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

31.    Defendant CCA denies the allegations set forth in Paragraphs 78 through 79 of the Complaint.

## COUNT TEN

32.    By way of answer to Paragraph 80 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

33.    Defendant CCA denies the allegations set forth in Paragraphs 81 through 83 of the Complaint.

## COUNT ELEVEN

34.    By way of answer to Paragraph 84 of the Complaint, Defendant CCA incorporates by reference as if fully set forth herein all of its answers in the preceding paragraphs including any affirmative defenses set forth therein.

35.    Defendant CCA denies the allegations set forth in Paragraphs 85 through 87 of the Complaint.

36.    Further answering Defendant CCA denies each and every allegation of the Complaint not herein specifically admitted to be true.

## AFFIRMATIVE DEFENSES

37.    As and for a separate defense, and in the alternative, Defendant CCA alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted against this answering Defendant.

1762096.1

38.    As and for a separate defense, and in the alternative, Defendant CCA alleges that Plaintiffs were negligent in whole or in part, thereby reducing or eliminating any damages owing by this Defendant CCA by way of the doctrine of comparative fault.

39.    As and for a separate defense, and in the alternative, Defendant CCA alleges that Plaintiffs were negligent in whole or in part, thereby reducing or eliminating any damages owing by this Defendant CCA by way of the doctrine of contributory negligence..

40.    As and for a separate defense, and in the alternative, Defendant CCA alleges that Plaintiffs were negligent in whole or in part, thereby reducing or eliminating any damages owing by this Defendant CCA by way of the doctrine of assumption of the risk.

41.    As and for a separate defense, and in the alternative, Defendant CCA  alleges that any award of punitive damages under the allegations of this Complaint would violate the prohibition against laws that impair the obligations of contract in violation of the contract clause, Article 1, Section 10, Clause 1 of the United States Constitution.

42.    As to some or all of Plaintiffs' claims the amount of punitive damages (if any) is a question of law, and not a fact question for the jury; accordingly the request by Plaintiffs for a jury trial on that issue is due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever.

43.    The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution because such an award under these facts would violate the Defendant CCA's right to procedural and substantive due process.

44.    The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution because the alleged

culpability of the Defendant CCA's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

45.     Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), and *Philip Morris USA v. Williams*, (No. 05-1256), February 20, 2007.

46.     Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, of the Constitution of the United States in each of the following separate and several ways:

    a.     Plaintiffs seek an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Fifth and Fourteenth Amendments of the U.S. Constitution.

    b.     Plaintiffs seek a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

    c.     Plaintiffs seek an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

    d.     Plaintiffs seek punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e.     Plaintiffs see punitive damages for conduct by the Defendant CCA which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f.     Plaintiffs seek punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.     Plaintiffs seek joint and several punitive damages liability from Defendant CCA based on different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h.     Any recovery of punitive damages would result in multiple awards for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth, and Fourteenth Amendments of the U.S. Constitution.

47.     As and for a separate defense and in the alternative as to some or all of Plaintiffs' claims, they are barred by statutory and/or common law immunity.

48.     As and for a separate defense and in the alternative Defendant CCA asserts the cause of Plaintiffs' damages were due to the actions and omissions of individuals or entities for whom Defendant CCA is not in control or is not responsible thereby barring Plaintiffs' action.

49.     As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs did not suffer any injuries or damages for which they may recover.

50.     As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiffs' injuries, losses and damages, if any, were the result of the negligent or intentional

act of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

51.    As a separate defense, or in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiffs.

52.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs' allegations arose as a result of their own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

53.    As a separate defense, or in the alternative, this answering Defendant alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

54.    As a separate defense, or in the alternative, this answering Defendant alleges that the actions of Defendant CCA and Defendant CCA's employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

55.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs failed to mitigate their damages, thereby reducing or eliminating any damages owed by this answering Defendant.

56.    As a separate defense, or in the alternative, as to some or all of Plaintiffs' claims, this answering Defendant alleges that it did not breach any duty to Plaintiffs.

57.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs have failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

58.    As a separate defense, or in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct

involve reckless or callous indifference to the rights of Plaintiffs thereby precluding punitive damages.

59.     As a separate defense, or in the alternative, this answering Defendant alleges that they were acting under legal process with good, sufficient and probable cause to be so acting, and that the actions of this answering Defendant and its employees were in good faith and without malice.

60.     As a separate defense, or in the alternative, this answering Defendant alleges that its employees were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiffs to prove in order to prevail on a claim of deliberate indifference.

61.     As a separate defense, or in the alternative, this answering Defendant alleges that it was not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiffs thereby warranting dismissal of this lawsuit.

62.     As to some or all of the claims and parties there is a misjoinder requiring dismissal or severance.

63.     As and for a separate defense the Plaintiffs have failed to comply with the requirements of the Prison Litigation Reform Act ("PLRA"), and therefore their claims are barred or subject to dismissal.

64.     Although this answering Defendant does not presently have facts in support of the following defenses, this answering Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, the following affirmative defenses set forth in Fed.R.Civ. Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud,

- 10 -

illegality, laches, release, res judicata, statute of frauds, statute of limitations, waiver,

insufficiency of process and insufficiency of service of process.

WHEREFORE, having fully answered the Complaint, Defendant CCA respectfully

requests the Court dismiss the Complaint at Plaintiffs' cost.

Dated: April 9, 2007.

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

*Attorneys for Defendant Corrections Corporation of America*

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin, (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendant Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2007, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

Douglas Reid Sparks, Esq.
SPARKS & SILBER, LLP
3221 M Street, NW
Washington, DC 20007
*Attorneys for Plaintiffs*

s/Dianne Clark

1762096.1