IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Hardy, and<br>Denis B. Garcia, and<br>Martell Legrand,<br><br>    Plaintiffs,<br><br>  v.<br><br>The District of Columbia, and<br>Odie Washington, individually and in his official capacity Director (retired) DC Department of Corrections, and<br>Steve A. Smith, individually and in his official capacity Warden (retired) DC Jail, and<br>Prison Realty Trust a/k/a Corrections Corporation of America,<br><br>    Defendants. | Civil Action No. 07-cv-00415-RWR |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MOTION TO SEVER**

  Defendant Corrections Corporation of America ("CCA"), through counsel and pursuant to Rules 21 and 42(b), Federal Rules of Civil Procedure, hereby moves to sever Plaintiffs' claims into two separate actions. Specifically, CCA requests that this Court permit discovery and trial regarding Plaintiff Hardy's claims to take place separately from discovery and trial regarding Plaintiffs Garcia and Legrand's claims. Bifurcation of the lawsuits is appropriate and will promote judicial economy, avoid prejudice and confusion by the jury, and save the parties from unnecessary fees and costs.

  This Motion is more fully supported by the accompanying Memorandum of Points and Authorities and all pleadings on file with the Court.

1762085.1

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER

**I.     BACKGROUND**

This case arises out of three separate incidents, which occurred at two distinct facilities. Ronald Hardy alleges he was attacked by fellow inmates at CCA' facility, Central Treatment Facility ("CTF"), on October 31, 2004. Denis Garcia's incident purportedly occurred on March 4, 2004 at the DC Jail. Martell Legrand's incident allegedly occurred on January 19, 2005, also at the DC Jail. The incident at CCA's facility is not in any way related to the incidents at the DC Jail, nor have Plaintiffs' so alleged. Nonetheless, Plaintiffs improperly joined these lawsuits into one action.

**II.    ANALYSIS**

The Federal Rules of Civil Procedure authorize bifurcation. Rule 21 provides that "[a]ny claim against any party may be severed and proceeded with separately." Additionally, Rule 42(b) provides a court with discretion to order separate trials for a variety of reasons, including "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or issues ...." Further, the D.C. Circuit has held that "a court may bifurcate claims or issues for separate trial to advance judicial economy, to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice, and to serve the ends of justice."[1] Separating Hardy's discovery and trial from Garcia and Legrand's will further all of these goals.

First, judicial convenience and economy will be favored by bifurcating Hardy's claims into a separate lawsuit from Garcia and Legrand's. Because the incidents occurred at two separate facilities, Hardy will offer no evidence regarding the attacks on Garcia and Legrand or

---

[1] *Webb v. Hyman*, 861 F.Supp. 1094, 1119 (D.D.C.1994) (*citing O'Dell v. Hercules*, 904 F.2d 1194, 1201 (8th Cir.1990)).

the events leading up to them. Likewise, Garcia and Legrand will offer no evidence regarding the attack on Hardy or the events leading up to it. The operation of the DC Jail and CTF are distinctly different, involving separate parties, policies, procedures, documents, and witnesses. CCA has no involvement in the operations of the D.C. Jail. Likewise, the District only monitors the activities at the CTF, which is owned and operated by CCA and staffed entirely by CCA employees. The production of evidence from two different locations with differing operational protocols will confuse the jury and unnecessarily complicate the issues. Various pleadings will have to be tailored to the incidents adding more time to the discovery of facts and presentation of motions. Accordingly, separating the Hardy discovery and trial from Garcia and Legrand's discovery and trial will not result in the duplication of testimony and evidence. Because all of the evidence in Hardy's case will differ from the other two plaintiffs', allowing Hardy's case to move forward separately would certainly take less time for those involved in Hardy's lawsuit.

Next, bifurcation will avoid prejudice to the defendants and Plaintiffs. CCA and DC will be prejudiced in having the cases tried together because the jury will have difficulty separating CTF facts from DC Jail facts. CCA will also be prejudiced by having to engage in protracted discovery and trial of claims which have nothing to do with CCA. Further, because there is no crossover evidence, bifurcation will not hinder each plaintiff's ability to fully develop their case.

Finally, bifurcation will avoid jury confusion. All of the factual issues are unique to each institution and each plaintiff. For example, evidence concerning the conditions of confinement at CTF will be different than evidence presented regarding DC Jail conditions. Likewise, evidence regarding the events leading up to each incident, resulting injuries, and medical treatment—just to name a few—will be different for each plaintiff. Trying Hardy's case (concerning confinement at CTF) with Garcia and Legrand's case (concerning confinement at

DC Jail) would overwhelm the jury with different and distinct sets of facts. Indeed, it would be daunting, if not impossible, for the jury to separate all of those facts between and among the two institutions and three separate incidents.

### III.     CONCLUSION

This Court has broad discretion to sever these lawsuits. Accordingly, Defendant CCA respectfully requests this Court evaluate Plaintiff Hardy's claims and separate this case from Garcia and Legrand's case. Two separate trials would be appropriate given the separate nature of the claims and the distinction between the defendants. To be sure, the division of the claims relative to CTF would be more efficient and understandable for the jury. Moreover, bifurcation would save all the defendants unnecessary fees and costs and will promote judicial economy.

Dated April 9, 2007.

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387
*Attorneys for Defendant Prison Realty Trust*
*a/k/a Corrections Corporation of America*

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin, (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555
*Attorneys for Defendant Prison Realty Trust*
*a/k/a Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas Reid Sparks, Esq.
**SPARKS & SILBER, LLP**
3221 M Street, NW
Washington, DC 20007
*Attorneys for Plaintiffs*


_____s/Dianne Clark_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Hardy, and<br>Denis B. Garcia, and<br>Martell Legrand,<br><br>                    Plaintiffs,<br><br>          v.<br><br>The District of Columbia, and<br>Odie Washington, individually and in his official capacity Director (retired) DC Department of Corrections, and<br>Steve A. Smith, individually and in his official capacity Warden (retired) DC Jail, and<br>Prison Realty Trust a/k/a Corrections Corporation of America,<br><br>                    Defendants. | Civil Action No. 07-cv-00415-RWR |

**ORDER GRANTING MOTION TO SEVER**

Having read the foregoing Motion and good cause appearing, it is hereby

**ORDERED** that Plaintiff Ronald Hardy's claim be severed from Plaintiffs Denis Garcia and Martell Legrand's claims. Accordingly, discovery and trial regarding Plaintiff Hardy's claim shall take place separately from Plaintiffs Garcia and Legrand's discovery and trial.

DATED this _____ day of _____ 2007.

_____
The Honorable Richard W. Roberts
Judge of the United States District Court
For the District of Columbia

1764346.1