UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD HARDY *et al.*, ) | |
| ) | Civil Action No.: 1:07-CV-00415 |
| Plaintiffs, ) | Judge Richard W. Roberts |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT STEVEN A. SMITH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Steven A. Smith (hereafter "Smith"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an Order dismissing plaintiffs' complaint with prejudice, on the basis that plaintiffs have failed to state a claim against him for which they are entitled to relief. The suit against defendant Smith is an official-capacity suit, and plaintiffs must look to the District of Columbia as the proper party defendant for the their requested relief. Moreover, defendant Smith is entitled to the defense of qualified immunity. In support of his motion, defendant Smith refers this Court to the attached memorandum of points and authorities.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General for the District of Columbia
Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
RACHEL R. HRANITZKY
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4$_{th}$ Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD HARDY *et al.*,           ) | |
| ) | Civil Action No.: 1:07-CV-00415 |
| Plaintiffs,           ) | Judge Richard W. Roberts |
| ) | |
| v.           ) | |
| ) | |
| DISTRICT OF COLUMBIA *et al.*,  ) | |
| ) | |
| Defendants.           ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN A SMITH'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiffs filed the instant action on March 1, 2007, against the District of Columbia, Odie Washington, Steven A. Smith and Prison Realty Trust a/k/a Corrections Corporation of America. The plaintiffs allege that on or about March 2, 2004, plaintiff Denis Garcia was assaulted by a fellow inmate with scalding liquid which caused Mr. Garcia to suffer burns to his face, neck, scalp and chest. *See* Complaint, at ¶32. The plaintiffs allege that on or about October 31, 2004, plaintiff Ronald Hardy was assaulted by a fellow inmate with scalding liquid which caused him to suffer burns to his face, nose and forehead. Plaintiffs also aver that on or about January 19, 2005, plaintiff Martell Legrand was assaulted by a fellow inmate with scalding liquid which caused him to suffer burns to his face, shoulder and upper body. *See* Complaint, at ¶¶34 and 36. Mr. Legrand was also allegedly bitten on January 19, 2005, by a fellow inmate. *See* Complaint, at ¶36. Plaintiffs seek damages against defendant Smith pursuant to 42 U.S.C. § 1983 for alleged violations of the Fifth and Eighth Amendments and for damages for alleged negligent contraband control. *See* Complaint, generally.

For the following reasons, defendant Smith is entitled to dismissal of the Complaint against him as a matter of law.

## ARGUMENT

### A.    Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. A defendant is entitled to dismissal of the Complaint if it "appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45 (1957). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

### B.    Plaintiffs' action against defendant Steven A. Smith is an official-capacity suit and must be dismissed.

A review of plaintiffs' Complaint demonstrates that they have sued defendant Smith in his official-capacity only. There are no specific allegations set forth in plaintiffs' Complaint that defendant Smith had any personal knowledge about or involvement in any of plaintiffs' claims. *See* Complaint, generally. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. The Supreme Court has held that,

> Official-capacity suits.. ."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). The District of Columbia is already a party

defendant in this action. Consequently, defendant Smith should be dismissed because the District is the proper party defendant, and the suit against defendant Smith is duplicative.

      C.      **Defendant Smith is entitled to qualified immunity.**

Defendant Smith is entitled to qualified immunity in this case. The purpose of qualified immunity is to protect governmental officials against insubstantial lawsuits which have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald,* 457 U.S. 800, 8l4 (l982). *See also, Procunier v. Navarette,* 434 U.S. 555 (1978) (state prison officials possess qualified immunity for their discretionary acts). Qualified immunity shields a government official from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton,* 483 U.S. 635, 638 (l987). After an assertion of qualified immunity, these persons are protected from suit if their officials acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time fo the alleged illegal action. *Id.* A government official should prevail on the qualified immunity defense even if he is mistaken, if a reasonable government official could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson,* 483 U.S. at 64l. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

To prevail against defendant Smith, plaintiffs must show that his conduct violated their constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has been violated, then the court must access "…whether it would be clear [or foreseeable] to a government official that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202.

Plaintiffs have failed to plead any facts to show that defendant Smith's actions violated their constitutional rights, that he was deliberately indifferent and/or that he knowingly failed to take action that he reasonably believed would alleviate serious risks of harm to them. Based on the allegations set forth in the Complaint against defendant Smith, he is entitled to qualified immunity as a matter of law.

## CONCLUSION

Plaintiffs' action against defendant Steven A. Smith is an official-capacity suit and must be dismissed. Moreover, defendant Smith is entitled to qualified immunity and dismissal of plaintiffs' lawsuit against him is warranted as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
 RACHEL R. HRANITZKY
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4$_{th}$ Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD HARDY *et al.*,            )<br>                                              )<br>              Plaintiffs,             )<br>                                              )<br>v.                                           )<br>                                              )<br>DISTRICT OF COLUMBIA *et al.*,  )<br>                                              )<br>              Defendants.           ) | Civil Action No.: 1:07-CV-00415<br>Judge Richard W. Roberts |

### ORDER

Upon consideration of defendant Steven A. Smith's Motion to Dismiss Plaintiffs' Complaint, plaintiffs' response thereto, if any, and the record herein, it is this _____ day of _____, 2007,

ORDERED: that Steven A. Smith's Motion to Dismiss is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that plaintiffs' action shall be dismissed against Steven A. Smith with prejudice.

_____
Judge Richards W. Roberts

Rachel R. Hranitzky
Michael Bruckheim
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C. 20001

Douglas R. Sparks, Esq.
Sparks & Silber, LLP
3221 M Street, N.W.
Washington, DC 20007

Samuel M. Shapiro, Esq.
200-A Monroe Street #233
Rockville, MD 20850

Timothy J. Bojanowski, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012