UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD HARDY *et al.*, ) | |
| ) | Civil Action No.: 1:07-CV-00415 |
| Plaintiffs, ) | Judge Richard W. Roberts |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS STEVEN A. SMITH'S AND ODIE WASHINGTON'S REPLY
TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**

Defendants Steven A. Smith (hereafter "Smith") and Odie Washington (hereafter "Washington"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), submit the following reply to the plaintiffs' Opposition to Smith's and Washington's Motion to Dismiss (the "Opposition").

**ARGUMENT**

**A.    Plaintiffs' actions against defendants Steven A. Smith and Odie Washington are an official-capacity suit and must be dismissed.**

Despite assertions by the plaintiffs to the contrary, a review of plaintiffs' Complaint demonstrates that they have sued defendants Smith and Washington in their official-capacity only. There are no specific allegations set forth in plaintiffs' Complaint that defendants Smith or Washington had any personal knowledge about or involvement in any of plaintiffs' claims. *See* Complaint, generally. Even a focused review of the materials submitted by the plaintiffs as allegedly demonstrating a cause of action against defendants Washington and Smith individually reveals that such allegations demonstrate an action in an official-capacity only. There is no allegation that either Washington or Smith engaged in any specific activity which

resulted in the injuries to either plaintiff Martell Legrand or Denis Garcia. *Id*. Moreover, the mere attendance at hearings (in their official capacity) held by the D.C. City Council does not demonstrate deliberate indifference or act as a causal connection to the injuries sustained by the plaintiffs. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. The Supreme Court has held that,

> Official-capacity suits.. ."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). The District of Columbia is already a party defendant in this action. Consequently, defendants Smith and Washington should be dismissed because the District is the proper party defendant, and the suit against defendant Smith is duplicative.

### B.     **Defendants Smith and Washington are entitled to qualified immunity.**

Defendants Smith and Washington are entitled to qualified immunity in this case. Plaintiffs cite a ruling by Judge Urbina in another case, *Beale et al. v. District of Columbia*, Civil Action No. 04-959 (RMU), as support of their assertion that defendants Smith and Washington are not entitled to qualified immunity. The ruling by Judge Urbina relates to a Protective Order and <u>not</u> to whether Smith and Washington are entitled to qualified immunity. Furthermore, the plaintiffs have cited no specific actions by either Smith or Washington which they purport to be in violation of their constitutional rights.

To prevail against defendants Smith and Washington, plaintiffs must show that defendants' conduct violated their constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has been violated, then the court must access "…whether it would be clear [or foreseeable] to

a government official that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202.

Because plaintiffs have failed to plead any facts to show that defendants Smith's or Washington's actions violated their constitutional rights, that Smith or Washington were deliberately indifferent and/or that Smith or Washington knowingly failed to take action that they reasonably believed would alleviate serious risks of harm to the plaintiffs, Smith and Washington are entitled to qualified immunity as a matter of law.

## CONCLUSION

Plaintiffs' actions against defendants Steven A. Smith and Odie Washington are official-capacity suits and must be dismissed. Additionally, defendants Smith and Washington are entitled to qualified immunity and dismissal of plaintiffs' lawsuit against them is warranted as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky
 RACHEL R. HRANITZKY [974458]
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov